98 F.3d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lonnie B. ROBINSON, Plaintiff-Appellant,
v.
Samuel A. LEWIS, Director, Department of Corrections; Sgt.
Turner; Anita Hull; Art Sayre; St. Germaine,
Defendants-Appellees.
 No. 95-15868.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 9, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lonnie B. Robinson, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of state prison officials in his 42 U.S.C. § 1983 action. Robinson contends that prison officials denied him access to the courts by negligently losing a box of legal materials and subsequently refusing to help him replace or reproduce the lost legal materials. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Robinson claims that the lost legal materials hindered his access to the courts in three ways. First, he was unable to move to proceed pro se on direct appeal. Second, he was unable to present a pro se brief after his counsel filed the opening brief in his appeal. Finally, he claims he could not present a petition for post-conviction relief to the state courts. Robinson's claims fail.
 
 
 4
 We may affirm the district court on any basis supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 507 U.S. 1051 (1993). We review the district court's grant of summary judgment de novo. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994).
 
 
 5
 Prisoners must demonstrate actual injury in order to show that their right of access to the courts was denied. See Lewis v. Casey, 116 S.Ct. 2174, 2179-80 (1996); see also Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). Thus, inmates must show that prison officials have hindered the prisoners' capability "to file nonfrivolous legal claims challenging their convictions or conditions of confinement." Lewis, 116 S.Ct. at 2182.
 
 
 6
 First, Robinson fails to indicate how the lost legal materials hindered his ability to file a motion to proceed pro se on appeal. Robinson did not attempt to file such a motion, defective or otherwise. Robinson does not allege that he was prevented from filing a motion. Second, Robinson never articulated what claims he wished to raise either in his pro se appellate brief or in his petition for post-conviction relief. Again, Robinson made no attempt to file a pro se brief or a petition for post-conviction relief. He did file a pro se petition for review after his conviction was affirmed on appeal. Thus, Robinson has not shown that prison officials have hindered his capability to present a nonfrivolous legal claim challenging his convictions. See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3